ams/ks

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PEARCE CARTER; and ) | |
| PEARSON CARTER ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA ) | Case No. 08-4145-JAR |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM AND ORDER**

The Court now considers defendant's Motion to Strike Demand for Jury Trial (Doc. 4). The parties have fully briefed the motion, and the Court is ready to rule. For the reasons detailed below, defendant's motion is granted.

Plaintiff brings suit pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. sections 2671 though 2680, for injuries and damages allegedly sustained in an automobile collision with an United States Postal Service ("USPS") employee. The FTCA governs tort claims against the United States.[1] 28 U.S.C. § 1346(b)(1) provides this Court with exclusive jurisdiction in this matter.

Under 28 U.S.C. § 2402, "any action against the United States under section 1346 shall be tried by the court without a jury, . . . ."[2] The United States, including its agencies and officers, is generally immune from suit unless it has consented to suit.[3] Its consent to be sued under the

---

[1] 28 U.S.C. § 2674.

[2] 28 U.S.C. § 2402.

[3] *See, e.g.*, *Sydnes v. United States*, 523 F.3d 1179, 1182–83 (10th Cir. 2008) (citing *United States v. Mitchell*, 463 U.S. 206, 212 (1983)).

FTCA may therefore be conditioned on the dispensation of a jury trial without offending the Seventh Amendment.[4]

Advisory juries, however, may be permitted in FTCA cases, even over government objection.[5] Federal Rule of Civil Procedure 39(c) permits a court, in its discretion, to empanel an advisory jury in any action not triable of right by a jury.[6] "In an action tried on the facts without a jury or with an advisory jury, the court must find the facts specially and state its conclusions of law separately. . . . A judgment on partial findings must be supported by findings of fact and conclusions of law as required by Rule 52(a)."[7] The findings of an advisory jury are merely advisory and "[w]hile the district court may exercise its discretion to accept or reject the advisory jury's verdict, the advisory jury's decision is not binding on the district court and the district court has the 'ultimate responsibility' for deciding the case's legal and factual issues."[8]

Courts routinely empanel advisory juries in actions brought against both the United States and non-federal government defendants.[9] In these cases, because the plaintiff has a right

---

[4]*Engle v. Mecke*, 24 F.3d 133, 135 (10th Cir. 1994); *Salmon v. Schwarz*, 948 F.2d 1131, 1142 (10th Cir. 1991); *Hamm v. Nasatka Barriers, Inc.*, 166 F.R.D. 1, 3 (D.D.C. 1996).

[5]*See Andrade v. Chojnacki*, 338 F.3d 448, 457 (5th Cir. 2003) (finding no judicial bias in district judge's decision to empanel advisory jury in FTCA case over government's objection); *Newmann v. United States*, 938 F.2d 1258, 1259 (11th Cir. 1991) (explaining that district court utilized advisory jury on FTCA claim).

[6]*Wright v. United States,* 80 F.R.D. 478, 479 (D. Mont. 1978) (declining to empanel an advisory jury in its discretion under Rule 39(c)); *Coffland v. United States*, 57 F.R.D. 209, (N.D. W. Va. 1972) (finding use of advisory jury under the FTCA permitted under Rule 39(c)); *Moyer v. United States*, 302 F. Supp 1235 (S.D. Fla. 1969) (trying FTCA case to an advisory jury pursuant to Rule 39(c)), *rev'd on other grounds*, 481 F.2d 585 (5th Cir. 1973); *Lerdahl ex rel. Lerdahl v. Magill*, Nos. 90-2306-L, 90-2307-L, 1992 WL 40694, at *1 (D. Kan. Feb. 25, 1992) (same).

[7]Fed. R. Civ. P. 52(a), (c).

[8]*OCI Wyo., L.P. v. Pacificorp*, 479 F.3d 1199, 1206 (10th Cir. 2007).

[9]*See e.g.*, *Wright,* 80 F.R.D. at 478*; Moloney v. United States*, 354 F. Supp. 480, 481 (S.D.N.Y. 1972); *Lerdahl ex. rel. Lerdahl*, 1992 WL 40694, at *1.

to trial by jury against the non-federal defendant(s), it is often helpful and appropriate to allow the jury to try the claims against the United States in an advisory capacity.[10]  Courts have expressed reluctance, however, to abdicate the responsibility placed upon it by Congress when a jury is not already trying non-federal defendants.[11]  Furthermore, an advisory jury verdict is problematic in light of the Court's responsibility to act as a fact finder in FTCA cases, particularly in the event that the Court disagrees with the advisory jury's findings.[12]

Plaintiffs concede that they do not have a right to jury trial on their FTCA claim.  While the Court may exercise its discretion under Fed. R. Civ. P. 39(c) to empanel an advisory jury, it declines to do so.  Plaintiffs only claim in this matter is against the USPS under the FTCA.  There are no non-federal defendants entitled to a jury trial.  Therefore, the Court will be required to make findings of fact and conclusions of law *de novo* even if an advisory jury is empaneled.  Under these circumstances, the Court does not find that an advisory jury would be helpful, and further finds that it would be an inefficient use of judicial resources.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's Motion to Strike Demand for Jury Trial (Doc. 4) is GRANTED.

Dated:  July 7, 2009

                                               S/ Julie A. Robinson
                                              JULIE A. ROBINSON
                                              UNITED STATES DISTRICT JUDGE

---

[10]*Poston v. United States*, 262 F. Supp. 22, 24 (D. Haw. 1966).

[11]*Id.*

[12]*See Wright*, 80 F.R.D. at 480.