ams/ks

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **PEARCE CARTER; and** | ) | |
| **PEARSON CARTER** | ) | |
| Plaintiffs, | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **UNITED STATES OF AMERICA** | ) | Case No. 08-4145-JAR |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

The Court now considers defendant's Motion to Dismiss Claim of Pearson Carter (Doc.

6).  The motion is fully briefed and the Court is ready to rule.  For the reasons detailed below,

defendant's motion is granted.

## BACKGROUND

On November 18, 2006, Plaintiff Pearce Carter ("Pearce") was driving a motor vehicle

westbound on Ninth Street.[1]  This vehicle was owned by his father, Pearson Carter ("Pearson").

A postal mail truck, operated by an employee of the United States Postal Service ("USPS"), was

traveling northbound on Highland Road.  The intersection of Ninth Street and Highland Road

was uncontrolled.  The mail truck driver negligently failed to yield the right of way to Pearce,

causing a collision.

Pearce's shoulder and upper arm were injured as a direct and proximate result of the

negligence of the mail truck driver failing to yield the right of way at the uncontrolled

intersection.  Pearce sustained pain and suffering, had to restrict his daily activities, and has

---

[1]Plaintiffs do not specify in the Complaint the city in which these facts took place.

incurred medical and related expenses.  His ability to lead and enjoy a normal life has been adversely affected.  Pearson's vehicle sustained physical damage and required repair.  Pearson also lost rental income associated with the vehicle.

Pearce signed and filed an administrative claim with the USPS.[2]  Pearce stated the following basis of his claim: "I was travelling [sic] West on 9th Street, I yield @ Highland & proceeded across when I was hit by the mail truck going North."  He stated the nature and extent of any personal injury: "When the mail truck hit me, my shoulder (L), head & neck, my ® knee & upper back.  My (L) shoulder was the worst."  Pearce stated property damage as: "The front of vehicle including doors & tires, My truck was in perfect condition before the accident."  Pearce indicated that the vehicle may be inspected at a Topeka body shop.  He also stated that Pearson Carter was the owner of the damaged property and provided Pearson's address.  The form did not list witnesses.  The total property damage was listed at $5,788.35.  The personal injury damages included $1,600 in medical expenses and $20,000 for pain and suffering.  The total amount of the claim was $27,388.35.  The form also included relevant insurance information.

The USPS denied Pearce's claim.  He timely filed for reconsideration January 25, 2008.  The USPS issued a final denial May 29, 2008.  Pearce brings this action pursuant to 28 U.S.C. § 2401(b) and 39 C.F.R. 912.9(a).  Defendant moves to dismiss for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim.

**DISCUSSION**

The United States, including its agencies and officers, is generally immune from suit

---

[2](Doc. 11, Ex. 1.)

unless it has consented to suit.[3]  The Federal Tort Claims Act ("FTCA") defines the terms of the government's consent to suit in tort for money damages.[4]  In order to institute a claim against the United States the claimant must satisfy two prerequisites.  The claimant must present the claim to the appropriate Federal agency, and the agency must deny the request.[5]  A claim is deemed presented when an agency receives the claimant's Standard Form 95, or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to, or loss of, property, personal injury, or death.[6]  The claim need not state legal theories.[7]

For purposes of presentation, a claimant must be clearly identified on the form, though identification, without more, is not sufficient to satisfy FTCA jurisdiction.[8]  Additionally, the claimant must sign the claim to fix responsibility for the claims made therein.[9]  "[I]f there are multiple claimants in the matter, each claimant must 'individually satisfy the jurisdictional of filing a proper claim, unless another is legally entitled to assert such a claim on their behalf.'"[10]

---

[3]*See, e.g.*, *Sydnes v. United States*, 523 F.3d 1179, 1182–83 (10th Cir. 2008) (citing *United States v. Mitchell*, 463 U.S. 206, 212 (1983)).

[4]*See id.*; *Three M Enters., Inc. v. United States*, 548 F.2d 293, 294 (10th Cir. 1977).

[5]28 U.S.C. § 2675(a).

[6]28 C.F.R. § 14.2(a).

[7]*Murrey v. United States*, 73 F.3d 1448, 1451-52 (7th Cir. 1996).

[8]*See Rucker v. United States Dep't of Labor*, 798 F.2d 891, 893 (6th Cir. 1986).

[9]*Biolowas v. United States*, 443 F.2d 1047, 1050 (3d Cir. 1971).

[10]*Muth v. United States*, 1 F.3d 246, 249 (4th Cir. 1993) (quoting *Frantz v. United States*, 791 F. Supp. 445, 447 (D. Del. 1992)).

A claim may also be brought by the claimant's authorized agent or legal representative.[11]  "If multiple claims are asserted on a single claim form, the form must give 'constructive notice' sufficient to warrant investigation of each claim, [but] [m]ere reference to a related cause of action, based upon the same facts, will be insufficient when it fails to provide the Government notice of the nature and amount of the claim."[12]

Failure to exhaust administrative remedies is a jurisdictional bar to litigation.[13]  If plaintiff fails to make an administrative claim within two years of accrual, the court lacks subject matter jurisdiction under the FTCA.[14]  These requirements cannot be waived.[15]

The FTCA exhaustion requirements provide the agency a chance to examine and resolve the claim prior the commencement of litigation.[16]  The requirements effectively put the agency on notice.[17]  To expedite fair settlement, the claimant must supply the agency with detailed facts sufficient to investigate the claim.[18]

Defendant contends that because Pearson did not file a separate administrative claim with the USPS, he has not exhausted administrative remedies.  Because failure to exhaust administrative remedies is a jurisdictional bar to suit, defendant moves to dismiss under F.R.C.P.

---

[11]28 C.F.R. § 14.3(a).

[12]*Frantz*, 791 F. Supp at  447-48 (quoting *Dondero v. United States*, 775 F. Supp. 144, 148 (D. Del. 1991); *Jackson v. United States*, 730 F.2d 808, 809–10 (D.C. Cir. 1984)).  .

[13]*Duplan v. Harper*, 188 F.3d 1195, 1199 (10th Cir. 1999).

[14]*Logan v. United States*, 272 F. Supp. 2d 1182, 1186 (D. Kan 2003).

[15]*Three M Enters., Inc. v. United States*, 548 F.2d 293, 294 (10th Cir. 1977).

[16]*McNeil v. United States*, 508 U.S. 106, 112 n.7 (1993).

[17]*Dondero*, 775 F. Supp. at 148.

[18]*Romulus v. United States*, 160 F.3d 131, 132 (2d Cir. 1998) (per curiam).

12(b)(1).[19]  Plaintiff Pearson responds that he was listed as the owner of the damaged property in the administrative claim signed and filed by Pearce, and that this is sufficient to support administrative exhaustion requirements.  Pearson further maintains that Pearce was effectively his authorized agent and that this also satisfies administrative exhaustion requirements.

Pearce's claim is not sufficient to provide the government notice to investigate a claim by Pearson.  Pearson did not sign the form.  The only reference to Pearson on the claim form submitted by Pearce appears in the "property damage" section of the form.  Pearce's brief description of the property damage, however, suggests that Pearce, not Pearson, owned the truck.[20]  Neither the nature nor the amount of Pearson's alleged claim were present on the form, and the government could not have been on notice to investigate Pearson's claim.

Moreover, the authorized agent exception does not apply here.  The form does not suggest that Pearce was Pearson's agent.  There is no mention of their relationship, neither in the basis of the claim, nor in the personal injury section.  Pearson's name appears only once on the form, as the name of the property owner.  If the plaintiffs' interpretation of agency was accepted, the government would be obligated to assume that any individual identified as a property owner was also a claimant.  The government, however, should not be expected to assume that anyone who could legally make a claim was, in fact, making a claim and the Court declines to follow this interpretation in the face of clear authority to the contrary.

Because plaintiff Pearson Carter failed to satisfy the administrative exhaustion requirement of the FTCA, the court lacks subject matter jurisdiction over his claim.

---

[19]*Duplan v. Harper*, 188 F.3d 1195, 1199 (10th Cir. 1999); *Logan*, 272 F. Supp. 2d at 1186.

[20] "*My* truck in perfect condition before the accident." (Doc. 11, Ex. 1 (emphasis added).)

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's Motion to Dismiss Claim of Pearson Carter (Doc. 6) is GRANTED.

Dated:  <u>July 7, 2009</u>

 S/ Julie A. Robinson                      
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE
