hrk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| PEARCE CARTER, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 08-4145-JAR |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's Partial Motion to Dismiss, or in the Alternative, Limit Ad Damnum (Doc. 20) and defendant's Second, or Supplemental, Motion to Reduce Ad Damnum (Doc. 24). The Court has reviewed the parties' submissions and is prepared to rule. For the reasons set forth in detail below, defendant's Partial Motion (Doc. 20) is granted, and its Second, or Supplemental, Motion (Doc. 24) is granted in part and denied in part.

**I.      Background**

On November 26, 2008, Pearce Carter ("plaintiff") and Pearson Carter ("Pearson") filed this action against the United States of America for monetary relief under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346 and 2671 *et seq.*, alleging personal injuries and property damage arising out of an automobile collision between a 1996 GMC S15 Jimmy ("GMC") driven by plaintiff and a postal mail truck operated by an employee of the U.S. Postal Service. Plaintiff alleges he filed a timely administrative claim with the U.S. Postal Service,

claiming $27,388.35 in damages. Of this amount, plaintiff claimed $5788.35 in property damage, $1600 in medical expenses, and $20,000 in pain and suffering.[1] His claim was denied. Plaintiff sought reconsideration, and on May 29, 2008, the Postal Service issued a final denial of the administrative claim. Plaintiff and Pearson filed the present action on November 26, 2008. In the Complaint (Doc. 1), they claimed damages "not exceed[ing] the sum of $27,388.35."[2]

In its Partial Motion to Dismiss (Doc. 20), defendant United States of America argues that, because the Court dismissed all of Pearson's claims for lack of subject matter jurisdiction (Doc. 17), plaintiff's claim for damages to the GMC should be dismissed because Pearson, not plaintiff, is the lawful owner of the vehicle. Furthermore, defendant attached a copy of plaintiff's Rule 26 Disclosures, and noted that plaintiff intends to seek damages totaling $37,928.60, attributing $5788.35 of that amount to damage to the GMC. Defendant asks the Court either to dismiss plaintiff's claim for money damages related to the GMC, pursuant to Fed. R. Civ. P. 12(b)(6), or to limit his prayer for relief to $32,140.25. Plaintiff filed a Response (Doc. 21), conceding that he is not the owner of the GMC, and "will not seek to recover for the loss of the vehicle," and similarly requests the Court limit his recovery to no more than $32,140.25.[3]

Subsequently, defendant filed a Second, or Supplemental, Motion to Reduce Ad Damnum (Doc. 24), noting that plaintiff's administrative claim alleged damages only totaling $21,600 arising from medical expenses and pain and suffering (plus $5788.35 arising from

---

[1](Doc. 24, attach. 1.)

[2](Doc. 1.)

[3](Doc. 21.)

damage to the GMC), but that he has recently made Rule 26 Disclosures alleging damages amounting to $32,140.25 (plus $5788.35 arising from damage to the GMC). Clarifying its previous motion, defendant asks the Court to limit plaintiff's relief to $21,600, which is the amount of the administrative claim *minus* damage to the GMC. Defendant filed its motion pursuant to 28 U.S.C. § 2675(b), which states that an action "shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency," unless the party can make certain showings. Furthermore, defendant argues that plaintiff should not be permitted to present *evidence* of damages beyond this amount.

Plaintiff, on the other hand, argues that, although he has made discovery disclosures showing an intent to produce evidence of $32,140.25 in damages, his administrative claim and Complaint limit his potential recovery to $27,388.35. Plaintiff asks the Court not to reduce his request for relief until the Court has had an opportunity to decide what amount he is entitled to recover.

## II. Legal Standards

In ruling on a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the court will draw all reasonable inferences in favor of the plaintiff.[4] Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.[5] To survive a motion to dismiss, a complaint must present factual allegations, assumed to

---

[4] *Dias v. City & County of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009).

[5] *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The United States Supreme Court explained in *Bell Atl. Corp. v. Twombly*: "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." 550 U.S. 544, 555 n.3 (2007).

be true, that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face."[6] Under this standard, "the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[7]

The plausibility standard enunciated in *Bell Atl. Corp. v. Twombly* seeks a middle ground between heightened fact pleading and "allowing complaints that are no more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,' which the Court stated 'will not do.'"[8] For the purposes of a motion to dismiss, the court "must take all the factual allegations in the complaint as true, [but] we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"[9] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[10]

"[N]otwithstanding the usual rule that a court should consider no evidence beyond the pleadings on a Rule 12(b)(6) motion to dismiss, 'the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity.'"[11] In support of its motion to dismiss (Doc. 20),

---

[6]*Twombly*, 550 U.S. at 555, 570.

[7]*Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in the original).

[8]*Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (*quoting Twombly*, 550 U.S. at 555).

[9]*Ashcroft v. Iqbal*, – U.S. –, 129 S. Ct. 1937, 1949–50 (2009).

[10]*Id.* at 1949.

[11]*Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007).

defendant has attached a copy of the plaintiff's Rule 26 disclosures,[12] and plaintiff's response to defendant's requests for admission.[13] Moreover, defendant attached to its Second, or Supplemental, Motion (Doc. 24), a copy of plaintiff's administrative claim form ("Standard Form 95").[14] The parties do not dispute the authenticity of these documents. Because a plaintiff must exhaust his administrative remedies before filing a Complaint in federal court, the Court shall consider the Standard Form 95 when appropriate in deciding defendant's Rule 12(b)(6) motion to dismiss. However, the Court will only consider the other discovery documents in relation to defendant's 28 U.S.C. § 2675(b) request to limit plaintiff's evidence and to reduce ad damnum.

## III. Discussion

### A. *Damage to the GMC*

The Court notes that both parties have stipulated to the fact that no recovery can be gained for damage to the 1996 GMC. Plaintiff alleges in his Complaint that the GMC is owned by Pearson, not plaintiff.[15] The Code of Federal Regulations provides that any claim for property damage must be presented "by the owner of the property, his duly authorized agent or legal representative."[16] Furthermore, a claim for property damages must be presented by the real party

---

[12](Doc. 20 ex. 1.)

[13](Doc. 20 ex. 1.)

[14](Doc. 24 ex. 1.)

[15](Doc. 1, ¶¶ 6, 13.)

[16]28 C.F.R. § 14.3(a).

in interest.[17] The "real party in interest" is determined by substantive law.[18] As noted by defendant, under Kansas law, the proper party to bring an action to recover damages to a motor vehicle, is the owner of the vehicle.[19] In his response, plaintiff concedes he is not the owner of the GMC. Therefore, the Court finds that any claims to recover for damages to the GMC should be dismissed pursuant to Rule 12(b)(6).

### B. *Evidence of Personal Injuries*

Next, defendant argues that plaintiff should not be permitted to present evidence of damages beyond the amount stated in his administrative claim.[20] Before bringing a claim under the Federal Tort Claims Act ("FTCA"), a claimant must first exhaust his or her administrative remedies; it is a jurisdictional prerequisite to an FTCA action.[21] Before suing the United States, a claimant must file with the appropriate federal agency a claim including "(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim."[22] Section 2675 of Title 28 U.S.C. states that an "[a]ction under this section *shall not be instituted* for any sum in excess of the amount of the claim presented to the federal agency."[23] There are only two exceptions in which a party may institute a claim on an increased amount: (1) when it "is based upon newly discovered evidence not

---

[17] Fed. R. Civ. P. 17(a).

[18] *Esposito v. United States*, 368 F.3d 1271, 1274 (10th Cir. 2004) (quoting 28 U.S.C. §§ 1346(b)(1) and 2674).

[19] *See, e.g., Stebbins v. Heidebrecht*, 350 P.2d 783, 786 (Kan. 1960).

[20] (Doc. 29 at 2.)

[21] *Pipkin v. United States Postal Serv.*, 951 F.2d 272, 273 (10th Cir. 1991).

[22] *Cizek v. United States*, 953 F.2d 1232, 1233 (10th Cir. 1992).

[23] 28 U.S.C. § 2675(b) (emphasis added).

reasonably discoverable at the time of presenting the claim to the federal agency," or (2) "upon allegation and proof of intervening facts, relating to the amount of the claim."[24]

In reviewing the legislative history of the FTCA, the Fifth Circuit analyzed the statutory language in which a claim "shall not be instituted" for an amount in excess of the administrative claim.[25] The court held that this language operates "to allow plaintiffs to *prove* damages in excess of the administrative claim, but to forbid the *actual recovery* to exceed the amount of the administrative claim."[26] "[M]andating that a claimant propound a definite monetary demand ensures that '[t]he government will at all relevant times be aware of its maximum possible exposure to liability and will be in a position to make intelligent settlement decisions.'"[27] Recognizing the effect of comparative fault statutes on a plaintiff's ultimate recovery, the court explained its holding as follows:

> [W]e conclude that an FTCA "claim," *see* 28 U.S.C. §§ 1346(b), 2674, 2675(a), is the amount that a plaintiff seeks to recover from the government. Unless the "newly discovered evidence" or the "intervening facts" exception in 28 U.S.C. § 2675(b) is applicable, a plaintiff may not recover any sum in excess of the amount of the claim presented to the appropriate federal agency in conformance with 28 U.S.C. § 2675(a). A plaintiff will be free at trial to present proof of damages exceeding this amount; if he does so and if comparative fault principles are applicable under the relevant substantive law, the plaintiff should recover either his *pro rata* share of his proven damages or the amount of his administrative

---

[24]*Id.*

[25]*Martinez v. United States*, 780 F.2d 525, 530 (5th Cir. 1986).

[26]*Id.* (emphasis added); *see also Benjamin v. United States*, 85 F. Supp. 2d 1034, 1037 (D. Colo. 2000) (holding that the plaintiff could present any evidence to prove the amount of his actual damages, but noting that his recovery would be limited to the amount set forth in his administrative claim); *Weaver v. United States*, Case No. 96-4033-SAC, 1997 WL 723435, at *3 n.6 (D. Kan. Oct. 9, 1997) (noting that "[t]he statutory cap bars recovery but does not prevent the plaintiff from presenting proof of damages in excess of the cap") (*citing Martinez*, 780 F.2d at 530–31).

[27]*Robison v. United States*, 746 F. Supp. 1059, 1063 (D. Kan. 1990) (*quoting Reilly v. United States*, 863 F.2d 149, 173 (1st Cir 1988)) (*citing Martinez*, 780 F.2d at 530).

claim, whichever is less.[28]

The plaintiff in *Martinez* filed an administrative claim for $2 million, and proved at trial actual damages in the amount of $4,496,128.34, yet was found 35% at fault. While the proof at trial could have allowed recovery of $2,922,483.42, the plaintiff was only permitted to recover the lesser amount of $2 million alleged in his administrative claim, per the rules of 28 U.S.C. § 2675(b).[29]

Following *Martinez*, this district has similarly declined to limit a plaintiff's damages so that the amount of the administrative claim is the maximum amount against which any percentage of fault is applied. In *Robison v. United States*,[30] the court held that a "plaintiff should receive his pro rata share of damages under the comparative fault formula or the amount of his administrative claim, whichever is less."[31] However, a plaintiff may not include in his Complaint new and different claims for relief from those alleged in his administrative claim.[32]

*Martinez* is similar to the present case. In the present case, plaintiff filed an administrative claim, alleging $27,388.35 in damages, and filed a Complaint alleging damages "not exceed[ing] the sum of $27,388.35."[33] Although plaintiff has informed defendant through

---

[28]*Martinez*, 780 F.2d at 530–531.

[29]*Id.* at 531.

[30]746 F. Supp. 1059, 1063 (D. Kan. 1990).

[31]*Id.* at 1065.

[32]*See Benjamin v. United States*, 85 F. Supp. 2d 1034, 1037–38 (D. Colo. 2000) (holding that, because claimant did not include any claims for his wife's loss of consortium in the administrative filing, she had not exhausted her administrative remedies and her husband could not later ask the District Court to consider such claims); *see also Pipkin v. United States Postal Serv.*, 951 F.2d 272, 273 (10th Cir. 1991).

[33](Doc. 1.)

the discovery process that he may produce evidence of damages in excess of the amount claimed in his administrative suit, he will only be allowed to recover a maximum of $27,388.35, unless he can show either "intervening facts" or "newly discovered evidence," in which case, the cap would be removed and the statute would allow for greater recovery.[34] The burden of proving either exception falls on the plaintiff.[35]

The Court notes that plaintiff has not filed a § 2675(b) motion, seeking to increase his claim. Rather, it appears plaintiff intends to present evidence at trial showing personal injuries beyond those listed in his administrative claim. This will not affect his ultimate recovery which is limited by his administrative claim and his Complaint. The Court declines at this point to limit the kinds of evidence plaintiff might present at trial relating to his personal injuries. However, the Court notes that no evidence of property damage to the GMC will be permitted.

### C. *Motion to Reduce Ad Damnum*

Finally, defendant asks the Court to reduce plaintiff's prayer for relief to the amount of his Complaint *minus* any claim for property damage to the GMC. The final issue, therefore, is whether the "sum certain" requirement for damages under the FTCA applies to each sub-category of injury listed on the administrative complaint, or merely to the claim as a whole. The Standard Form 95 ("SF 95") for submitting an administrative claim requires a claimant to characterize his damages in three specific categories: property damage, personal injury, and wrongful death.[36] The Code of Federal Regulations directs that the SF 95 should be

---

[34] 18 U.S.C. § 2675(b).

[35] *Weaver v. United States*, Case No. 96-4033-SAC, 1997 WL 723435, at *3 (D. Kan. Oct. 9, 1997).

[36] (Doc. 24, Ex. 1.)

"accompanied by a claim for money damages in a *sum certain* for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident."[37]

When specifying monetary damages under each sub-category, the regulations specify which persons have authority to present each category of claim,[38] and what specific kinds of evidence claimants may be required to submit in support of each type of claim.[39] In *Caidin v. United States*,[40] the Ninth Circuit found that a round figure of $100 million for damages was not a "sum certain."[41] The court noted "that the sum certain requirement demands more than mere general notice to the government of the approximate amount of a claim. . . . [A] specific dollar amount is necessary to allow realistic assessment of the settlement value of a case."[42] Thus, the court found the $100 million claim did not include a "sum certain" because it "g[ave] no indication of the specific damages claimed by appellant."[43] Furthermore, in *Kokara v. United States*,[44] the First Circuit found that plaintiff had given a "sum certain" for his property damage claim, but not for his personal injury claim.[45] The Court held the two claims were severable, and

---

[37] 28 C.F.R. § 14.2(a) (emphasis added).

[38] *See* 28 C.F.R. § 14.3.

[39] *See* 28 C.F.R. § 14.4.

[40] 564 F.2d 284 (9th Cir. 1977).

[41] *Id.* at 287.

[42] *Id.* (*citing Avril v. United States*, 461 F.2d 1090 (9th Cir. 1972); *Molinar v. United States*, 515 F.2d 246 (5th Cir. 1975)).

[43] *Id.*

[44] 980 F.2d 20 (1st Cir. 1992).

[45] *Id.* at 23.

dismissed the personal injury claim, but allowed the property damage claim to proceed.[46] The specific categories designated on the form for different kinds of damages, therefore, are not to be ignored. Rather, they lend specificity to the "sum certain" required by the federal regulations.

In the present case, plaintiff concedes that he does not have standing to pursue monetary relief for damage to the GMC, which was owned by his father, Pearson Carter. In dismissing plaintiff's property damage claim, therefore, the Court finds it appropriate to subtract plaintiff's property damage claim from the total amount of his administrative claim: $21,600 was the "sum certain" plaintiff provided in his SF 95 for personal injuries. Although plaintiff may present evidence of personal injuries beyond the amount designated in his administrative claim, he will not be allowed to recover more than $21,600 without a showing of "intervening facts" or "newly discovered evidence."

**IT IS THEREFORE ORDERED** that defendant's Partial Motion to Dismiss, or in the Alternative, Limit Ad Damnum (Doc. 20) is **granted**, and defendant's Second, or Supplemental, Motion to Reduce Ad Damnum (Doc. 24) is **granted in part and denied in part.**

**IT IS SO ORDERED.**

Dated: October 27, 2009

                                             S/ Julie A. Robinson
                                             JULIE A. ROBINSON
                                             UNITED STATES DISTRICT JUDGE

---

[46]*Id.*; *see also Schwartzman v. Carmen*, 995 F. Supp. 574, 577 (E.D. Pa. 1998).